UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE  DIVISION

Fontenette                                                              Civil Action No. 11-0584

versus                                                                  Judge Tucker L. Melançon

Blue Marlin Services LLC, et al                        Magistrate Judge C. Michael Hill


**MEMORANDUM RULING**

Before the Court is an unopposed[1] motion for summary judgment filed by  defendant

Blue Marlin Services of Acadiana L.L.C. ("Blue Marlin") [Rec. Doc. 52] and a motion for

Partial Summary Judgment filed by defendants Apache Corporation ("Apache") and Cal Dive

Offshore Contractors Inc. ("Cal Dive") [Rec. Doc. 58][2] seeking dismissal of plaintiff, John

Fontenette's, claims under the Jones Act against all defendants and dismissal of plaintiff's

claims for vessel unseaworthiness under the general maritime law against Blue Marlin.

The fact that the motions are unopposed does not necessarily mean defendants should

prevail on the merits.  "A motion for summary judgment cannot be granted simply because

there is no opposition, even if failure to oppose violated a local rule. The movant has the

burden of establishing the absence of a genuine issue of material fact and, unless he has done

so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel*

*v. Bethlehem Steel Corp.*,  50 F.3d 360, 362 (5th Cir. 1995)(citing *Hibernia Nat'l Bank v.*

*Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir.1985)).  However,

failure to file an opposition and statement of contested material facts requires the Court to

deem defendants' statements of uncontested material facts admitted for purposes of the

motion.  Local Rule 56.2W.

---

[1] Plaintiff filed a Response of No Opposition to the motions on May 7, 2012.  *R. 62*.

[2] In their motion, Apache and Cal Dive "adopt ... the factual statements, law, argument and exhibits" of Blue Marlin's motion.  *R. 58-3.*

*Background*

The undisputed facts of this matter, *R. 52-4*, *Stmt. Of Uncontested Fact*, provide that plaintiff worked for Blue Marlin as a galley hand from June 2009 to October 2009.  Blue Marlin provides contract labor, including catering services and steward personnel, to numerous customers on various types of land based and offshore facilities, including jack up barges and fixed platforms.  Plaintiff worked approximately five months for Blue Marlin, from June 22, 2009 to October 5, 2009 and was randomly assigned to various locations and companies based on the needs of Blue Marlin's customers.  During his employment, plaintiff worked with five Blue Marlin customers on five separate assignments.  From June 22, 2009 to June 29, 2009, plaintiff was assigned to work for Hilcorp Energy Company at their Calliou Island facility on a fixed platform for eight days, 120 hours. *Id, Exh. A.*  From July 2, 2009 to August 5, 2009, plaintiff was assigned to work on El-296B, a fixed platform owned by Apache, for 36 days, 578 hours. *Id.*  From August 14, 2009 to August 25, 2009 plaintiff was assigned to work on El330D, a fixed platform, for 12 days, 213 hours. *Id.*  From September 15, 2009 to September 22, 2009, plaintiff was assigned to work on Basic-11, a fixed platform owned by Basic Energy Services, for eight days, 87 hours. *Id*.

Plaintiff's final assignment with Blue Marlin was from September 28, 2009 to October 4, 2009 on the M/V BRAVE.  Plaintiff's alleged injury occurred on October 4 during his first hitch working onboard the M/V BRAVE.  The M/V BRAVE is a pipe lay barge owned and operated by Cal-Dive.[3] *Id*.  Prior to the injury at issue, plaintiff had never worked on the M/V BRAVE nor any other vessel owned, operated, or controlled by Cal-Dive. *Id., Exh. B, Plaintiff's 3/2/12 Deposition*.  Blue Marlin does not own or operate any

---

[3] In his Third Amended Complaint, plaintiff alleges that he was contracted to Apache and/or Cal Dive through Blue Marlin. *R. 28, ¶1.*

vessels.  *Id.*, *Exh. A*, *Declaration of Charles Sommier*.

Based on plaintiff's timesheets, he worked for various Blue Marlin customers for 71 days, for a total of 1,081 hours.  *Id.*  Of those 1,081 hours, 998 hours were aboard platforms and 83 hours were aboard the vessel, M/V BRAVE.  *Id.* Thus, plaintiff spent approximately 7.6% of his time working aboard the M/V BRAVE (83 vessel hours ÷ 1,081 total hours = 7.6%).  *Id.*  Plaintiff testified in his March 2, 2012 deposition that during his 71 days of work while employed with Blue Marlin, he spent approximately eleven days working on vessels, four days on a barge owned by Apache, out of Fourchon, Louisiana, and seven days on a rig out of Venice Louisiana.  Thus, 15.5 % (11÷21 days) of plaintiff's entire employment with Blue Marlin was spent on vessels.  *R. 52, Exh. B, Depo. Of Plaintiff, p. 123.*

Plaintiff filed this action against Blue Marlin, Apache and Cal Dive alleging claims for: (1) negligence  under the Jones Act; (2) maintenance and cure; (3) compensatory damages for unreasonable failure to pay and maintenance and cure; and, (4) vessel unseaworthiness under general maritime law.  *R. 1, 5, 9, 28.*

<em>Summary Judgment Standard</em>

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under Rule 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 263 (5th Cir.2002). The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact but need not negate the elements of the nonmovant's case. *Exxon Corp. v. Oxxford Clothes XX, Inc.*, 109 F.3d 1070, 1074 (5th Cir.1997).  When the moving party, has met its

Rule 56(c) burden, the nonmoving party, cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. "[T]he nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir.2004) (citation omitted).

*Analysis*

Only "seamen" can recover damages under the Jones Act. Whether an injured worker is a Jones Act seaman is a mixed question of law and fact and therefore usually a jury question; however, summary judgment is mandated where the facts and the law reasonably support only one conclusion. *In re Endeavor Marine Inc.*, 234 F.3d 287, 290 (5th Cir.2000). The Supreme Court has established a two-part test to determine seaman-status:

> "First ... an employee's duties must contribute to the function of the vessel or to the accomplishment of its mission ...
>
> "Second, and most important for our purposes here, a seaman must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature."

*Hufnagel v. Omega Service Industries, Inc.*, 182 F.3d 340, 346 (5th Cir. 1999)(quoting *Chandris, Inc. v. Latsis*, 515 U.S. 347 (1995)) (citations and internal quotation marks omitted). The Fifth Circuit has analyzed the temporal element of the relationship between a plaintiff and a vessel (or fleet of vessels) in terms of percentage of work performed on vessels and has declined to find seaman status where the employee spent less than 30 percent of his time aboard a subject vessel or fleet of vessels. *See Chandris* at 371, *citing Barrett v. Chevron, U.S.A., Inc.*, 781 F.2d 1067, 1075 (5th Cir.1986).

Defendants contend that plaintiff is not a Jones Act seaman, because he did not have a connection to a vessel or identifiable fleet of vessels in navigation that was substantial in terms of both duration and nature. It is undisputed that, plaintiff worked for Blue Marlin for

**4**

less than five months, received five separate assignments, and worked for five different customers.  Plaintiff was never permanently assigned to any particular vessel or company and did not work on any vessel with any regularity or consistency.  *R. 52, Exh. A.*  According to his timesheets, plaintiff spent approximately 7.6% of his time working aboard the M/V BRAVE and, based on plaintiff's own testimony, approximately 15.5% of his time aboard vessels during the entirety of his employment with Blue Marlin - significantly less than the 30% rule of thumb recognized by the United States Supreme Court and the Fifth Circuit.  *Id.*  As plaintiff cannot demonstrate that he had a connection to any vessel or fleet of vessels, which was substantial in duration, his cause of action under the Jones Act must fail.

As the Court has found that plaintiff is not a seaman, his claim to maintenance and cure cannot stand.  "Maintenance and cure is the implied contractual right of a seaman who is injured in the service of the ship, regardless of fault, to payments from the shipowner through the time of maximum recovery. The shipowner's obligation to pay maintenance and cure to an injured seaman is not based on fault but results from the relationship of ship and seaman."  *Badeaux v. Magnolia Fleet, L.L.C.*, 2011 WL 765781, 7 (E.D.La. 2011) (citing *Isthmian Lines, Inc. v. Haire*, 334 F.2d 521, 523 (5th Cir.1964)).

Nor can plaintiff maintain a cause of action for unseaworthiness against Blue Marlin. Only owners and operators may be liable for the unseaworthiness of a vessel.  *See, e.g.*, *Baker v. Raymond Intern., Inc.*, 656 F.2d 173, 181 (5th Cir.1981) (explaining that to be held liable for breaching the duty to provide a seaworthy vessel, the defendant "must be in the relationship of an owner or operator of the vessel.").  It is undisputed that Blue Marlin does not own or operate any vessels.[4]

---

[4]  In his Third Amended Complaint, plaintiff stated that the "Complaint incorrectly names Blue Marlin, LLC owner of the vessel, The BRAVE, which in fact is owned by Cal Dive...."  *R. 28*.

**5**

*Conclusion*

Plaintiff cannot demonstrate that he had a connection to a vessel or identifiable fleet of vessels under common ownership or control that was substantial in duration or nature, and therefore cannot maintain a cause of action under the Jones Act.  As such, plaintiff is not entitled to maintenance and cure.  As Blue Marlin did not own or operate the M/V BRAVE, plaintiff cannot maintain a cause of action for unseaworthiness under the general maritime law against Blue Marlin.  Accordingly, the Court will grant defendants' motions for partial summary judgment and dismiss plaintiff's claims against all defendants under the Jones Act and plaintiff's claim against Blue Marlin under the general maritime law.